*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HALCYON ISAAC,

    Plaintiff,

v.

MARSHALL SIGMAN, MATTHEW SIGMAN, 612 EIGHTH, LLC, SARAH ELLIS POWERS, and SEAN GOLDEN,

    Defendants.

Civ. Action No.: 16-5345 (FLW) (DEA)

OPINION

**WOLFSON, United States District Judge:**

On September 1, 2016, *pro se* plaintiff Halcyon Isaac ("Plaintiff") filed her complaint against the following defendants: (i) Marshall Sigman; (ii) Matthew Sigman; (iii) 612 Eighth, LLC; (iv) Sarah Ellis Powers; and (v) Shaun Golden[1] (collectively, "Defendants"). While the complaint is not a model of clarity, this matter appears to stem from a state court foreclosure action, which resulted in Plaintiff and her family being evicted from their residence.[2] Presently before the Court are three motions to dismiss, respectively filed by Marshall and Matthew

---

[1] Improperly plead as "Sean Golden."

[2] Plaintiff does not provide any factual allegations concerning the identity of each defendant. However, it appears that Defendants were involved (at least tangentially) in the underlying foreclosure action. Powers is a member of Powers Kirn, LLC. That law firm served as legal counsel to James B. Nutter and Company, the mortgagee that obtained a judgment of foreclosure against Plaintiff, the mortgagor. Notably, James B. Nutter and Company is not a named defendant in this action. Golden served as the Monmouth County Sheriff at all relevant times. Finally, Marshall and Matthew Sigman are the principals of 612 Eighth, LLC, which is the entity that purchased the foreclosed property at issue in this case.

1

Sigman, 612 Eighth, LLC and Powers, as well as a separate motion to dismiss and for summary judgment filed by Golden. For the reasons set forth below, Defendants' motions to dismiss are hereby **GRANTED**. Golden's alternative motion for summary judgment is **DENIED** as moot.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Before addressing the allegations in the complaint, the Court finds it helpful to briefly discuss the underlying state court foreclosure action.[3] In October 2005, Plaintiff and another individual executed a mortgage to secure a loan from James B. Nutter and Company for the purchase of a property located at 612 Eighth Avenue, Asbury Park, NJ 07712 (the "Property"). See Certification of Sarah Ellis Powers, Esq. ("Powers Cert."), Ex. A. On December 1, 2012, Plaintiff defaulted on her mortgage payments to James B. Nutter and Company. Id. Approximately nine months later, on September 20, 2013, James B. Nutter and Company filed a foreclosure complaint in New Jersey Superior Court. Id.

On August 28, 2015, the state court entered final judgment of foreclosure in favor of James B. Nutter and Company, and directed the Property be sold to satisfy the judgment. See Certification of Meagan L. George, Esq. ("George Cert."), Ex. B. On May 9, 2016, the Monmouth County Sheriff's Department (the "MCSD") held an auction at which 612 Eighth, LLC purchased the Property. Id. at Ex. A. The following day, Golden, the Monmouth County Sheriff, signed a foreclosure deed that transferred ownership of the Property to 612 Eighth, LLC.

---

[3] While courts generally cannot consider matters extraneous to the pleadings on a motion to dismiss, a court may consider the allegations in the complaint, exhibits attached to the complaint, as well as public records. See Marks v. Struble, 347 F. Supp. 2d 136, 143 (D.N.J. 2004); see also Frederico v. Home Depot, 507 F.3d 188, 201-02 (3d Cir. 2007). Here, Defendants have attached various public records in connection with the underlying foreclosure action. Because these records are publicly available, the Court may consider these documents.

2

Id. On July 27, 2016, Michelle M. Smith, Clerk of the Superior Court, issued a writ of possession. Id. at Ex. C. In the return writ of possession, Golden certified that "[t]he Writ [was] returned *executed*," and the "**[e]viction [was] completed on August 31, 2016**." Id. at Ex. D (emphasis in original).

In the complaint, Plaintiff alleges that, on August 31, 2016, approximately ten "armed foreign agents… criminally trespassed upon [her] property," which she referred to as "the dominion of the most high in terraine [sic] of Malkuth." Compl. at p. 2. Plaintiff asserts that these "armed foreign agents" were masquerading as law enforcement officers from the Asbury Park Police Department ("APPD") and the MCSD, and that those individuals proceeded to evict Plaintiff and her family from their "freehold estate," i.e., the Property. Id. at p. 2-4. Plaintiff specifically alleges that, during the eviction, the "armed foreign agents" did not identify themselves as police officers, and they refused to provide Plaintiff with adequate documentation, including a "bond or evidence that they were insured" or a "copy of the alleged eviction notice." Id. at p. 2-3. Plaintiff asserts that, as a result of the eviction, she and her family were "traumatized, humiliated and [were] maliciously prosecuted, kidnapped and abducted and unlawfully detained…." Id. at p. 3.

While the allegations are largely unintelligible, Plaintiff affirmatively lists the following claims in the complaint: (i) a violation of 18 U.S.C. § 241 for "[c]onspiracy of rights under color of law"; (ii) a violation of 18 U.S.C. § 242 for "[d]eprivation of rights under color of law"; (iii) theft by deception under N.J.S.A. § 2C:20-4; (iv) malicious prosecution under New Jersey common law; and (v) violation of Article 10 of the United Nations Declaration on the Rights of

Indigenous Peoples.[4]  Id. at p. 1, 4.  With respect to the requested relief, Plaintiff demands that this Court "perfect [her] rights and interest and [her] property immediately," as well as "execute a writ of possession and be put in quiet enjoyment and peaceable possession of [her] property and have the writ expedited and executed immediately."  Id. at p. 4.

On September 13, 2016, Plaintiff filed an emergent motion for an order to show cause, which the Court construed as a motion for a temporary restraining order or a preliminary injunction.  See Dkt. No. 6.  The following day, this Court denied that motion for emergent relief.  Id.  The Court reasoned that Plaintiff appears to challenge: "(1) the validity of the foreclosure on her home and (2) the constitutionality of the manner by which she was evicted."  Id.  The Court concluded that, "insofar as Plaintiff seeks to challenge the validity of the underlying foreclosure action in state court, the Court questions whether it has subject-matter jurisdiction over this matter," since the Rooker-Feldman doctrine may operate to bar such claims.  Id.  In addition, the Court determined that "Plaintiff ha[d] not submitted any evidence tending to show that she is likely to succeed on the merits of her claims that the manner in which she was evicted violated her constitutional rights, which is an issue separate from the validity of the state court foreclosure judgment."  Id.  The Court further determined that Plaintiff failed to submit evidence showing that she was likely to face irreparable harm, since "she is not in imminent threat of being evicted in an unconstitutional manner for a second time."  Id.

612 Eighth, LLC filed the first motion to dismiss the complaint on October 10, 2016.  Later that month, on October 21, 2016, Marshal and Matthew Sigman filed their motion to

---

[4] Plaintiff specifically alleges that "indigenous people shall not be removed from their land and or territories.  No relocation shall take place without free prior and informed consent of the indigenous people concerned and after agreement and just and fair compensation and where possible with the option to return."  Id. at p. 4-5.  Plaintiff presumably identifies herself as an indigenous person.

dismiss, and Powers filed a separate motion on that same day. On October 25, 2016, Golden filed his motion to dismiss and for summary judgment. On December 19, 2016, this Court directed Plaintiff to "file an opposition to each of those motions no later than January 6, 2017," or else "the Court will deem the motions as unopposed." Dkt. No. 19. Two days before the deadline, Plaintiff submitted various documentation to the Court, including an "Affidavit of Denial of US Citizenship," but none of the documents appear to raise any substantive opposition to Defendants' motions. Id.

## II.     LEGAL STANDARD

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). Under such a standard, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

However, Rule 12(b)(6) only requires a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the… claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. The complaint must include "enough factual matter (taken as true) to suggest the required element. This does not

impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (internal quotation marks and citation omitted); Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 118 (3d Cir. 2013) ("[A] claimant does not have to set out in detail the facts upon which he bases his claim. The pleading standard is not akin to a probability requirement; to survive a motion to dismiss, a complaint merely has to state a plausible claim for relief.") (internal quotation marks and citation omitted).

In sum, under the current pleading regime, when a court considers a dismissal motion, three sequential steps must be taken: first, "it must take note of the elements the plaintiff must plead to state a claim." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations marks and brackets omitted). Next, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. (internal quotation marks omitted). Lastly, "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. (internal quotation marks and brackets omitted).

## III. DISCUSSION

### a. Lack of Service

Powers contends that the complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(5), because she has not been served with the summons and complaint, nor has Plaintiff requested a waiver of service. Under Rule 4(m), a plaintiff must serve the summons and complaint on a defendant within 90 days after the filing of the complaint. Fed. R. Civ. P. 4(m); see Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (stating that *pro se* plaintiffs are responsible for having the summons and complaint timely served on defendants

6

because, "[a]t the end of the day, they cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."). If a plaintiff does not serve the summons and complaint within the allotted time period, Rule 4(m) provides that "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); see Powell v. Symons, 680 F.3d 301, 310 n.8 (3d Cir. 2012).

In the instant matter, based on the filing of the complaint, Plaintiff was required to serve Defendants, including Powers, on or before November 30, 2016. See Fed. R. Civ. P. 4(m). However, Plaintiff has failed to present any proof that she timely filed the summons and complaint on Powers, see Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993) (stating that the party asserting the validity of service bears the burden of proof on the issue of proper and timely service), and she does not argue that she has "good cause for the failure," which is akin to excusable neglect, see MCI Telecomms. Corps. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995); see also Fed. R. Civ. P. 4(m). To the contrary, the docket in this case reflects that Plaintiff has not served Powers, nor has Plaintiff requested an extension of time to effectuate service. In addition, Powers has submitted a certification that provides that "[she] has not been served in the instant civil action and [she has] not waived service of process."[5] Powers Cert., ¶ 7. Because Plaintiff has failed to meet her burden of establishing valid service on Powers, and because Powers has not been properly served, the Court grants Powers' motion and dismisses all claims against Powers without prejudice.

---

[5] "For a Rule 12(b)(5) motion, by necessity, matters outside the pleadings are admissible where they do not factually contradict the contents of the Complaint. This exception to the Rule 12(b) bar on matters outside the pleadings is due to the obvious inadequacy of pleadings to expound on the factual details of service of process." Salaam v. Merlin, No. 08-1248, 2009 U.S. Dist. LEXIS 64463, at *8 (D.N.J. July 22, 2009).

7

**b.     Failure to State a Claim**

The remaining Defendants contend that the complaint should be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to satisfy the most basic pleading requirements. Specifically, Defendants argue that Plaintiff has failed to explain how each defendant has harmed Plaintiff because she has failed to specifically attribute each claim to each defendant, individually. In addition, Defendants maintain that Plaintiff's allegations are both vague and confusing, and that she alleges only sweeping legal conclusions that are cast in the form of factual allegations. This Court agrees.[6]

It is well settled that courts are required to liberally construe pleadings drafted by *pro se* parties. Mala, 704 F.3d at 244-45; see Tucker v. Hewlett Packard, Inc., No. 14-4699, 2015 U.S. Dist. LEXIS 146685, at *4 (D.N.J. Oct. 29, 2015). Such pleadings are "held to less strict standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, *pro se* litigants must still allege facts that suggest the required elements of any claim that is asserted. Mala, 704 F.3d at 245; see Gibney v. Fitzgibbon, 547 Fed. Appx. 111, 113 (3d Cir. 2013). That is, "[e]ven a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a

---

[6] 612 Eighth, LLC and Marshall and Matthew Sigman invoke the Rooker-Feldman doctrine as a jurisdictional bar against the claims in the complaint. "Rooker-Feldman… is a narrow doctrine, confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Williams v. BASF Catalysts LLC, 765 F.3d 306, 315 (3d Cir. 2014) (internal quotation marks and citation omitted). However, because the claims in the complaint are so inadequately pled, the Court is not able to determine whether the Rooker-Feldman doctrine is applicable, particularly since Plaintiff's allegations focus on the constitutionality of the manner in which she was evicted. See e.g., Sharp v. State of New York, No. 06-5194, 2007 U.S. Dist. LEXIS 63539, at *24 n.8 (E.D.N.Y. 2007) (stating that "the Court cannot determine whether the Rooker-Feldman doctrine is applicable… [due in part to] the lack of personal allegations against [the] defendants").

claim entitling the plaintiff to relief." Grohs v. Yatauro, 984 F. Supp. 2d 273, 282 (D.N.J. 2013). Nevertheless, "[l]iberal construction does not… require the Court to credit a *pro se* plaintiff's bald assertions or legal conclusions." Id. (internal quotation marks omitted); see Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In the instant matter, Plaintiff does not direct any of her claims against any particular Defendant, nor does she even mention any of the defendants in the body of the complaint. Instead, the complaint focuses on the eviction process and the allegation that unidentified "armed foreign agents" unlawfully evicted Plaintiff and her family from the Property. Based on the facts alleged, this Court is not able to determine what factual allegations correspond with each claim and what claim is directed at which individual defendant. For that reason alone, the complaint must be dismissed, pursuant to Rule 8(a), because such paucity of factual allegations is insufficient to put Defendants on "fair notice of what the… claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted); see Major Tours, Inc. v. Colorel, 720 F. Supp. 2d 587, 603 (D.N.J. 2010) ("In order to give [d]efendant fair notice… a complaint must allege… those facts about the conduct of each defendant giving rise to liability."); see also Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints.").

Assuming that Plaintiff satisfied the requirements of Rule 8(a), the specific claims alleged in the complaint cannot withstand a motion to dismiss.[7] First, Plaintiff asserts claims under 18 U.S.C. § 241 and § 242, which are criminal statutes that do not provide Plaintiff with a private cause of action. See Carpenter v. Ashby, 351 Fed. Appx. 684, 688 (3d Cir. 2009) (holding that "we agree with the District Court's dismissal of the 18 U.S.C. § 241 and § 242 claims," since "[n]either statute creates a civil cause of action."); see also Watson v. Washington Twp., 09-3650, 2010 U.S. Dist. LEXIS 60049, at *10-11 (D.N.J. Jun. 17, 2010) ("Sections 241 and 242 are penal statutes and do not supply a private cause of action."); Woodall v. Geist, No. 09-4975, 2010 U.S. Dist. LEXIS 44300, at *6 n.1 (May 4, 2010) (same); Johnson v. Pacholski, No. 07-633, 2007 U.S. Dist. LEXIS 43850, at *13 n.6 (D.N.J. Jun. 14, 2007) (same). Accordingly, Plaintiff's claims against Defendants under 18 U.S.C. § 241 and § 242 are dismissed.

Similarly, Plaintiff asserts a claim for theft by deception under N.J.S.A. § 2C:20-4. Generally, courts will not imply a private right of action from a state criminal statute. See In re Resolution of State Comm'n of Investigation, 108 N.J. 35, 41 (1987); see also Henry v. Essex County Prosecutor's Office, No. 16-8566, 2017 U.S. Dist. LEXIS 26673, at *8 (D.N.J. Feb. 24, 2017); Wilson v. Somerset County Prosecutor's Office, No. 15-6035, 2016 U.S. Dist. LEXIS

---

[7] Although Plaintiff appears to challenge the constitutionality of the eviction process, she does not properly plead her claims under 42 U.S.C. § 1983. See Morse, 132 F.3d at 906-907 ("By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law."); Engquist v. Oregon Dep't of Agric., 553 U.S. 591, 611 (2008) (stating that "Section 1983 provides the appropriate cause of action for all citizens injured by an abridgement of their rights guaranteed by the Constitution."); see also McGowan v. New Jersey, No. 08-5841, 2009 U.S. Dist. LEXIS 50463, at *21 (D.N.J. June 16, 2009) ("A claim that a party's Constitutional rights have been violated, however, must be pled under the statutory mechanism for such claims, 42 U.S.C. § 1983.").

36013, at *31 n.12 (D.N.J. Mar. 21, 2016); Alston v. Monmouth County Prosecutor's Office, No. 12-5633, 2014 U.S. Dist. LEXIS 35709, at *22 (D.N.J. Mar. 19, 2014). Courts only infer a private cause of action where the criminal statute and its legislative intent clearly contain such an implication. See In re Resolution of State Comm'n of Investigation, 108 N.J. at 41; see also Mannarino v. Deutsche Bank Nat. Trust Co., No. 14-7771, 2015 U.S. Dist. LEXIS 121903, at *7 (D.N.J. Sept. 14, 2015).

In the instant matter, the claim for theft by deception must fail because there is no indication that the criminal statute authorizes a civil cause of action. N.J.S.A. § 2C:20-4 creates a criminal offense where an individual obtains the property of another by purposely creating one or more of the following false impressions:

   a. Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind, and including, but not limited to, a false impression that the person is soliciting or collecting funds for a charitable purpose; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;
   b. Prevents another from acquiring information which would affect his judgment of a transaction; or
   c. Fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

N.J.S.A. § 2C:20-4(a)(c). This Court is not aware of any state or federal court that has implied a private cause of action under N.J.S.A. § 2C:20-4. In addition, Plaintiff has failed to show that the New Jersey Legislature intended to provide a private cause of action here, especially since this particular statute does not expressly allow for a private remedy. To the contrary, N.J.S.A. § 2C:20-4 appears to be "a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone." Cort v. Ash, 422 U.S. 66, 79-80 (1975). Accordingly, Plaintiff's claim against Defendants under N.J.S.A. § 2C:20-4 is dismissed.

Next, Plaintiff asserts a claim for violation of Article 10 of the United Nations Declaration on the Rights of Indigenous Peoples. In particular, Plaintiff alleges that she was unlawfully removed from her Property "without free and informed consent… and just and fair compensation." Compl. at p. 4-5. However, the Third Circuit has recognized that, when the United Nations adopts a nonbinding declaration that contains a statement of principles, no private right of action exists. See United States v. Chatman, 351 Fed. Appx. 740, 741 (3d Cir. 2009). More specifically, courts in this district have determined that the United Nations Declaration on the Rights of Indigenous Peoples is a nonbinding declaration that does not create a private cause of action.[8] See Marrakush Soc. v. New Jersey State Police, No. 09-2518, 2009 U.S. Dist. LEXIS 68057, at *18 n.17 (D.N.J. July 30, 2009) (stating that "the United Nations Declaration on the Rights of Indigenous Peoples is not a binding instrument even for the purposes of the countries that voted in favor of its adoption," including the United States); Townsend v. New Jersey Transit & Amalgamated Transit Union, 09-1832, 2010 U.S. Dist. LEXIS 102451, at *13 (D.N.J. Sept. 27, 2010) (dismissing the claim for violation of the United Nations Declaration on the Rights of Indigenous Peoples because that declaration does not create a federal cause of action). Likewise, other federal courts have concluded that this particular

---

[8] In the Frequently Asked Questions section of the Declaration on the Rights of Indigenous Peoples, the United Nations states that "UN Declarations are generally not legally binding; however, they represent the dynamic development of international legal norms and reflect the commitment of states to move in certain directions, abiding by certain principles." See http://www.un.org/esa/socdev/unpfii/documents/faq_drips_en.pdf. Instead, this particular Declaration "provides a detailing or interpretation of the human rights enshrined in other international human rights instruments of universal resonance – as these apply to indigenous peoples and indigenous individuals." Id. According to the United Nations, "the Declaration has a binding effect for the promotion, respect and fulfillment of the rights of indigenous people worldwide." Id.

Declaration does not create a private right of action.  See, e.g., Khara Amun Bey v. 24th Judicial District Court, No. 14-2457, 2015 U.S. Dist. LEXIS 64556, *2 n.6 (E.D. La. May 15, 2015); Noble Tornello Fontaine Pierce El-Bey v. Fletcher, No. 11-901, 2012 U.S. Dist. LEXIS 13218, at *9-10, (M.D.N.C. Feb. 3, 2012); Joyner-El v. Giammarella, No. 09-3731, 2010 U.S. Dist. LEXIS 40417, at *8 n.4 (S.D.N.Y. Apr. 15, 2010).  Accordingly, Plaintiff's claim for violation of Article 10 of the Declaration on the Rights of Indigenous Peoples is dismissed.

Finally, Plaintiff asserts a claim for malicious prosecution under New Jersey common law.[9]  To state a claim for malicious prosecution, a plaintiff must allege: "(1) a criminal action was instituted by this defendant against this plaintiff; (2) the action was motivated by malice; (3) there was an absence of probable cause to prosecute; and (4) the action was terminated favorably to the plaintiff."  LoBiondo v. Schwartz, 199 N.J. 62, 90 (2009).  Here, Plaintiff cannot maintain a claim for malicious prosecution because she does not allege that any of the defendants initiated a criminal action against her.  Instead, it appears that Plaintiff is referring to the foreclosure action that resulted in Plaintiff and her family being evicted from the Property.  However, that proceeding was a civil action arising out of the failure to pay the required mortgage payments to James B. Nutter and Company.  Accordingly, because she has failed to allege the threshold requirement, Plaintiff's claim against Defendants for malicious prosecution is dismissed.[10]

---

[9] Plaintiff does not assert a claim for abuse of process, nor does she allege any factual allegations to support such a claim.  See Simone v. Golden Nugget Hotel & Casino, 844 F.2d 1031, 1036-37 (to state a claim for abuse of process, the plaintiff must allege "an ulterior motive and some further act after the issuance of process representing the perversion of the legitimate use of the process.") (internal quotation mark and citation omitted).

[10] While Plaintiff does not assert a claim for malicious prosecution under 42 U.S.C. § 1983, such a claim would also fail because Plaintiff does not allege the initiation of a criminal proceeding. See McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009).

## IV. CONCLUSION

For the reasons set forth above, Powers' motion to dismiss is **GRANTED** and Plaintiff's claims against Powers are dismissed without prejudice. In addition, the remaining Defendants' motions to dismiss the complaint are also **GRANTED**. However, Golden's alternative motion for summary judgment is **DENIED** as moot, but he may refile his motion for summary judgment, if necessary.

DATE: May 24, 2017

/s/ Freda L. Wolfson
The Honorable Freda L. Wolfson
United States District Judge